UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DA VONTE LOVE,

        Plaintiff,

v.                                  Case No. 11-C-1054

DAVID A. CLARKE, JR., et al.,

        Defendant.

## ORDER DENYING MOTION TO COMPEL

On May 30, 2012, Plaintiff Da Vonte Love filed a "Motion to Compel" (ECF No. 28) in which he sought to compel a Milwaukee Circuit Court judge to modify his order to allow correspondence to be sent to the courts in which he has pending litigation. Because that motion raised serious questions, I directed the defendants to file a response within ten days. They have done so (ECF No. 34) and the issue is before me now for resolution.

In the case of *State v. Love*, Milwaukee County Case No. 10-CF-1350, Love was charged with Second Degree Sexual Assault — Use of Force. In an order dated July 21, 2010, Judge Jeffrey A. Conen ordered that:

> all of [Love's] custody telephone visitation, and U.S. Mail privileges, while [Love] remains in custody during this prosecution SHALL BE COMPLETELY RESCINDED, with the exception of any communications to his attorney.

(ECF No. 34-1.) This was in response to allegations that Love was attempting to intimidate the victim and a witness to his sexual assault charge. (*Id.*) On September 22, 2010, there was another order signed in Milwaukee County Case. No. 10-CF-1350, this time by Milwaukee County Circuit Court Judge Jean S. DiMotto. In it, Judge DiMotto ordered:

1. [Love] is denied telephone privileges while he is incarcerated until the above-captioned case is concluded.
2. [Love] is denied mail privileges while he is incarcerated until the above-captioned case is concluded.

(ECF No. 34-2.) On September 27, 2011, Milwaukee County Case No. 10-CF-1350 was dismissed. The Second Degree Sexual Assault — Use of Force charge was subsequently reissued against Love on September 29, 2011 in *State v. Love*, Milwaukee County Case No. 11-CF-4672, and another order rescinding Love's telephone, visitation, and mail privileges was issued.[1] Love was also charged with felony Intimidating a Witness in *State v. Love*, Milwaukee County Case No. 12-CF-669, and the state currently has a motion pending to consolidate this with Love's other pending criminal cases. *See* Milwaukee County Case No. 11-CF-4672. Trial in his criminal case is currently scheduled for July 30, 2012. *Id.*

The Supreme Court has recognized a constitutional right of access to the courts. *Bounds v. Smith*, 480 U.S. 817, 828 (1977) (holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). That said, in *Younger v. Harris*, the Supreme Court held that federal courts are precluded from interfering with ongoing state criminal proceedings in order to preserve the longstanding principle of permitting "state courts to try state cases free from interference by federal courts." 401 U.S. 37, 43 (1971); *see also Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995). Subsequent cases extended *Younger* abstention to other types of state court proceedings. *See, e.g.*, *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975); *Juidice v. Vail*, 430 U.S. 327 (1977); *Pennzoil Co.*

---

[1] These documents are not currently before the Court.

*v. Texaco Inc.*, 481 U.S. 1 (1987). Hence, the *Younger* abstention doctrine applies when: (1) there are ongoing state proceedings, judicial in nature, involving the same or related matters to the federal proceeding; (2) the proceedings involve important state interests; and (3) the federal court plaintiff has an adequate opportunity to raise questions of federal law in the state proceedings. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, *Younger* abstention seems to apply. Love's state criminal sexual assault and intimidation of witness cases are ongoing. The Milwaukee County Circuit Court's order rescinding Loves' telephone, visitation, and mail privileges is in effect. Preventing the intimidation of witnesses and victims in those cases involves an important state interest (although it is unclear whether the order must be so broadly written to effectuate that interest). Finally, and most importantly, Love has the opportunity to request relief from the Milwaukee County Circuit Court Judge, or modification of the order to allow for correspondence with the Court in his federal action. He may also appeal any denial of relief. *See* Wis. Stat. §§ 809.30, 809.50. Love fails to indicate that he has made these other courts aware of his pending federal civil litigation. Since he is represented by counsel in the state court criminal actions out of which the orders arise, he is clearly in a position through counsel to request modification of the orders to the extent necessary to communicate with the courts in which he has matters pending. If his requests are denied by the circuit courts, he is free to appeal to the Wisconsin Court of Appeals to the extent he believes the orders are unnecessarily over broad and in violation of his federal constitutional rights. Finally, I note that to this point there is no evidence that the orders have actually violated Love's right of access to the courts. He has communicated with this Court so far and, if necessary, a stay of these

3

proceedings can be ordered until the criminal charges against him are resolved. For all of these reasons, Love's motion to compel is denied.

This court will accordingly abstain as a matter of comity. Love should seek relief from the state courts that issued the orders and, if denied, appeal to the Wisconsin Court of Appeals. Love's motion to compel (ECF No. 28) is accordingly denied.

Dated this 14th day of June, 2012.

                                        s/ William C. Griesbach
                                        WILLIAM C. GRIESBACH
                                        United States District Judge